IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARYTOWN JEWELERS, INC.,

    Plaintiff,

v.                                      Civil Action No. 3:05cv84

ADT SECURITY SERVICES, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on ADT Security Services, Inc.'s ("ADT") Motion To Dismiss or in the Alternative, for Summary Judgment (Docket No. 4). The motion is granted in part and is denied in part.

**BACKGROUND**

On January 7, 2005, Carytown Jewelers, Inc. initiated this action by filing a Motion for Judgment in the Circuit Court for the City of Richmond against ADT. The Motion for Judgment asserted claims for constructive fraud, negligence, and breach of contract based upon ADT's alleged failure to notify the Richmond Police within a reasonable time that a burglary was in process at Carytown's place of business. On February 18, 2005 ADT filed a timely Notice of Removal in the United States District Court for the Eastern District of Virginia, based upon diversity of citizenship.

The facts as set forth in the Motion for Judgment aver that, on or about February 9, 2001, Carytown Jewelers purchased a security system from ADT, which included burglar alarm services. ¶ 3. ADT subsequently installed and activity the system at Carytown Jewelers' place of business. ¶ 4. At a later date, Carytown Jewelers was burglarized. ¶ 5. Although the system generated an alarm signal, ADT failed to timely notify the appropriate authorities. ¶ 6. As a result, the authorities did not arrive on the scene in time to apprehend the perpetrators and Carytown Jewelers lost substantial valuable jewelry. ¶ ¶ 7-8.

Count I of the Motion for Judgment alleges constructive fraud based on ADT's representations to Carytown Jewelers that ADT would take reasonable steps to protect Carytown Jewelers' property. Carytown Jewelers claims that it relied upon these representations in entrusting its property to ADT and that the representations made by ADT induced Carytown Jewelers to act upon them. Carytown Jewelers also claims that ADT knew that Carytown Jewelers kept substantial valuable property at its place of business and that the alarm system was being purchased to guard against the loss of this property. Count II alleges negligence by ADT based upon ADT's failure to act reasonably and prudently under the circumstances to provide burglar alarm services. Count III alleges breach of contract based upon the agreement between Carytown Jewelers and ADT

that ADT would notify the Richmond Police within a reasonable time of the burglary.

Carytown Jewelers demands $250,000 in compensatory damages, pre-judgment and post-judgment interest, and costs and attorneys' fees.

On February 8, 2005 ADT filed a Motion to Dismiss or in the Alternative for Summary Judgment, pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, because the Motion for Judgment fails to state a claim upon which relief can be granted and because there is no genuine issue as to any material fact.

## DISCUSSION

ADT argues that the Court should dismiss Carytown Jewelers' Motion for Judgment because each count fails to plead the requisite elements of that cause of action and additionally that the Court should dismiss the constructive fraud and negligence claims because the source of the parties' duties arises from the contract, not common law. ADT also argues that Carytown Jewelers failed to plead the construct fraud claim with sufficient particularity. Finally, ADT argues that the entire action is preempted by a valid and enforceable limitation-of-action clause which renders the suit untimely as a matter of law.

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the

3

plaintiff." GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). A motion to dismiss should not be granted unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). A "claimant need not set out in detail all of the facts upon which the claim for relief is based; rather, he need only provide a statement sufficient to put the opposing party on fair notice of the claim and the grounds supporting it." Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999).

## I. The Alleged Failure to Plead Sufficient Facts

ADT first argues that all of Carytown Jewelers' claims must be dismissed because the Motion for Judgment does not set forth the date on which the burglary occurred and therefore fails to state a cause of action. This argument is entirely lacking in merit. The Federal Rules of Civil Procedure require only a "short and plain" statement of the claim. Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (quoting Fed. R. Civ. P. 8(a)). Carytown Jewelers clearly met its burden under the Federal Rules and the failure to set forth the precise date of the burglary does not warrant the dismissal of any of its claims.

With respect to the contract claim, ADT additionally argues that Carytown Jewelers has failed to plead facts suggesting a breach of the alleged contractual obligation and injury or damages

caused by the alleged breach.  The Motion for Judgment alleges that there was an agreement between Carytown Jewelers and ADT for ADT to provide burglar alarm services and that ADT breached that agreement for failure to timely notify authorities of a burglary, which resulted in substantial loss of valuables for Carytown Jewelers. All that is required of a plaintiff by the Federal Rules is that the pleaded claim afford "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).   The Motion for Judgment satisfies this standard.  Dismissal is only proper when the plaintiff "can prove no set of facts that would entitle her to relief." Id.  Carytown Jewelers is not required to set forth additional facts under the liberal pleading requirement of the Federal Rules.

ADT similarly argues that the negligence claim requires dismissal for failure to allege any well-pleaded facts suggesting that that ADT owed Carytown Jewelers a duty when the burglary occurred.  The Motion for Judgment claims that ADT failed to perform its duty as an alarm service provider at the time of the burglary, which resulted in a substantial loss for Carytown Jewelers. This is sufficient for a negligence claim. For the same reasons that the contract claim does not require dismissal on these grounds, the negligence claim is also sufficiently pleaded.

5

## II. The Negligence and Contractual Fraud Claims (Counts II and III)

The negligence claim in Count II is simply that ADT negligently performed the contract. That is simply a recasting of the breach of contract claim. Because the duty allegedly performed in a negligent way was created by contract, there is no negligence claim available under Virginia law. Richmond Metropolitan Authority v. McDevitt Street Bovis, 507 S.E.2d 344, 348 (Va. 1998).

The constructive fraud claim in Count III is legally insufficient for a like reason. Notwithstanding Carytown's assertion to the contrary, it, in reality, seeks to recover for enormous loss caused by a breach of contract.[1] Under settled Virginia law, tort remedies are not available for such purposes. Filak v. George, 594 S.E. 2d 610, 618 (Va. 2004) (holding that "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain solely in the province of the law of contracts"); Sensebrenner v. Rust, Orling, & Neal, Architects, Inc., 374 S.E. 2d 55, 58 (Va. 1988) (same).

## III. The Contractual Limitation of Action Claims

On this set of pleadings, the affirmative defense arising out of the alleged contract limitation of actions period cannot be presented by motion to dismiss under Rule 12(b)(6). Nor can it be

---

[1] Nor does it appear that an independent tort is alleged.

6

entertained on summary judgment because, at this stage of the case, there has been no discovery, and there is an issue as to the validity of the clause on which the defense is based.

## CONCLUSION

For the foregoing reasons, Count II is dismissed with prejudice; Count III is dismissed with leave to replead an independent tort if one exists; and the motion for summary judgment is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

_____
United States District Judge

Richmond, Virginia
Date:_____

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARYTOWN JEWELERS, INC.,

    Plaintiff,

v.                                Civil Action No. 3:05cv84

ADT SECURITY SERVICES, INC.,

    Defendant.

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that ADT's Motion To Dismiss or in the Alternative, for Summary Judgment (Docket No. 4) is granted in part, and denied in part. Count II is dismissed with prejudice; Count III is dismissed with leave to replead an independent tort if one exists, and the motion for summary judgment is denied.

The Clerk is directed to send a copy of this Order t all counsel of record.

It is so ORDERED.

                                                  /s/
                                        Robert E. Payne
                                        United States District Judge

Richmond, Virginia
Date:_____